IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ERIC STE'PHON STEWART, #83318                                                      PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 2:11-cv-194-KS-MTP

RON KING, et al.                                                                   DEFENDANTS

ORDER

This matter is before the Court on Plaintiff's motion entitled "Motion for Reconsideration of Dismissal to Proceed *In Forma Pauperis*" [7].  Having reviewed the motion [7], this Court has come to the following conclusions.

Even though a "motion for reconsideration" is not explicitly recognized by the Federal Rules of Civil Procedure, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b). *See Rogers v. KBR Technical Services, Inc.*, 2008 WL 2337184, *5 (5th Cir. June 9, 2008)(citing *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990), (abrogated on other grounds).  Because this motion [7] was filed within 28 days of the judgment [4], this Court will construe it as filed pursuant to Rule 59(e).

In order to obtain relief pursuant to Rule 59(e), Plaintiff "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003) (citation omitted).

The instant civil action was dismissed without prejudice by a Final Judgment [4] entered on September 28, 2011.  The Court determined that Plaintiff's motion to proceed *in forma pauperis* should be denied because Plaintiff had previously brought an action or appeal which

had been dismissed as frivolous, malicious or failed to state a claim. Ord. [3]. Plaintiff argues in his motion [7] that he does meet the exception to the three-strikes provision of 28 U.S.C. § 1915(g). In reviewing his complaint [1] as well as the claims in his motion [7], this Court finds that Plaintiff states in his complaint [1] signed September 15, 2011, and filed on September 23, 2011, that he was assaulted on September 12, 2011, by another inmate after Defendant Ross announced that Plaintiff was a "snitch." A further review of Plaintiff's complaint [1] along with his motion [7] demonstrates that he is asserting that he is in "imminent physical danger" at the time he filed his complaint. Hence, at this stage in the proceedings, this Court cannot definitively state that Plaintiff does *not* meet the exception provision. Therefore, in the interest of justice, the Court will grant Plaintiff's motion [7] to reconsider the dismissal of the instant civil action. Accordingly, it is

ORDERED that Plaintiff's Motion for Reconsideration of Dismissal to Proceed *In Forma Pauperis* [7] is **granted**.

IT IS FURTHER ORDERED that the Clerk reopen this civil action and that the screening of the instant civil action be conducted as required by 28 U.S.C. §§ 1915 and 1915A.

Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal of this case.

THIS the 17th day of October, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE